UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER ALLEN DOWDY,

        Petitioner,

v.

        CASE NO. 06-CV-10735
        HONORABLE VICTORIA A. ROBERTS
        UNITED STATES DISTRICT JUDGE

JERI-ANN SHERRY,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR SUMMARY JUDGMENT AND COMPELLING ANSWER ADDRESSING PETITION'S MERITS AND THE RULE 5 MATERIALS

This matter is before the Court on Respondent's motion for summary judgment on the ground that Petitioner's application for writ of habeas corpus is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). Petitioner has not responded to the motion for summary judgment, but has filed a number of pleadings in this case. However, having reviewed the pleadings and the issues raised by petitioner in his habeas application, the Court will deny the motion for summary judgment and will order that an answer addressing the merits of the petition be filed in this matter within thirty days of the Court's order. Respondent is also ordered to file the Rule 5 materials with this Court at the time that it files its answer.

A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). Respondent in this case simply filed a motion for summary judgment without addressing the merits of Petitioner's claims. An answer to a habeas petition is not like an answer to a civil complaint. It should respond to the

1

allegations of the habeas petition. *Id.* at 608-09; *See also Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996)(a motion to dismiss is generally not the appropriate pleading in response to a petition for writ of habeas corpus; an appropriate response is an answer which responds to each allegation contained in a habeas petition). Therefore, unless a federal court grants a respondent leave to file a motion for summary judgment or a motion to dismiss, an answer to a habeas petition should respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. *Ukawabutu,* 997 F. Supp. at 609. The practice of filing these "piecemeal" motions is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, with 28 U.S.C. § 2254(b)(2), which gives district courts the discretion to consider and deny unexhausted claims on their merits, and with fundamental principles of efficient case management. *Id.* at 607.

In the present case, there are several difficulties with granting Respondent's motion for summary judgment. Petitioner's direct appeals were concluded when the Michigan Supreme Court denied him leave to appeal on July 30, 2001. *People v. Dowdy,* 465 Mich. 861; 632 N.W. 2d 141 (2001). Petitioner's conviction became final, for purposes of 28 U.S.C. § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on October 28, 2001, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner therefore had until October 28, 2002 to file his petition with this Court unless the limitations period was somehow tolled.

Respondent contends that Petitioner did not file a post-conviction motion for relief from judgment with the state courts until January 23, 2003, after the one year limitations period had already expired. However, Petitioner filed a habeas petition with the United States District Court for the Eastern District of Michigan on or about August 1, 2002. This petition was dismissed without prejudice on August 12, 2002, because Petitioner already had a motion for relief from judgment pending in the state trial court, which had purportedly been filed on July 26, 2002. *See Dowdy v. Smith,* 2002 WL 31008257 (E.D. Mich. August 12, 2002)(Cohn, J.). [1] If Petitioner's post-conviction motion was filed on this date, only 271 days had elapsed on the one year limitations period. Petitioner would therefore have 94 days remaining once the tolling of the limitations period ended pursuant to 28 U.S.C.§ 2244(d)(2) to timely file his habeas petition with this Court.

The post-conviction proceedings in this matter did not end until the Michigan Supreme Court denied Petitioner's post-conviction appeal on October 31, 2005. *People v. Dowdy,* 474 Mich. 895; 705 N.W. 2d 119 (2005). Although the U.S. Supreme Court has now held that the limitations period is not further tolled pursuant to 28 U.S.C. § 2244(d)(2) for the time during which a petition for writ of certiorari could be filed with the Supreme Court seeking review of the denial of state post-conviction relief, *See Lawrence v. Florida,* 127 S. Ct. 1079, 1083-85 (2007), at the time that Petitioner's state post-conviction proceedings were completed, the Sixth Circuit caselaw indicated that the

---

[1] Petitioner has also attached copies of this decision to his current Petition for Writ of Habeas Corpus and to several other pleadings.

3

one year limitations period could be tolled pursuant to § 2244(d)(2) until the ninety day time period for seeking certiorari review in the United States Supreme Court of the state's final judgment on the petitioner's state post-conviction motion has expired. *Abela v. Martin,* 348 F. 3d 164, 172-73 (6th Cir. 2003). Given that this was the state of the law at the time of the completion of Petitioner's state post-conviction appeals, there is a question about whether Petitioner would be entitled to equitable tolling for relying on this interpretation of Section 2244(d)(2).

Petitioner initially re-filed his current habeas petition with this Court on or about February 17, 2006. On March 13, 2006, Magistrate Judge R. Steven Whalen signed an "Order to Correct Deficiency," in which Petitioner was ordered to submit two copies of his petition for writ of habeas corpus, in order for the Clerk of the Court to effect service upon the respondent and the Michigan Attorney General's Office. Petitioner was given twenty one days to comply with the order. On May 3, 2006, this Court dismissed the petition for writ of habeas corpus without prejudice, because Petitioner had failed to provide sufficient copies of the petition and the attachments for service upon the respondent and the Michigan Attorney General. On August 2, 2006, Petitioner re-submitted his petition for writ of habeas corpus and supporting documents along with sufficient copies of his pleadings for service upon respondent and the Michigan Attorney General. This Court construed Petitioner's re-filed petition as a request to reinstate his habeas petition to the active docket and re-opened the case. This Court is aware of the difficulties that *pro se* prisoners like Petitioner have in making sufficient copies of their legal pleadings, as well as the occasional delays with the internal mail systems at the various prisons. Because Petitioner appears to have been reasonably diligent in re-filing

his habeas petition, there is again a question about whether he would be entitled to any additional tolling during the time spent attempting to comply with the Court's original deficiency order.

Finally, compounding the difficulty of resolving the limitations question is the fact that Respondent has failed to file the Rule 5 materials in this case, even though she was ordered to do so by the Court in its order reinstating the petition.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Although the Supreme Court has not yet decided whether equitable tolling of the AEDPA's one-year limitations period applies to otherwise untimely claims, *Lawrence v. Florida,* 127 S. Ct. at 1085, the Sixth Circuit has held that equitable tolling of the one-year limitations period may be appropriate in certain extraordinary circumstances. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 127 S. Ct. at 1085. In the present case, Petitioner's various pleadings raise a genuine issue of material fact as to whether the one year limitations period should be

5

equitably tolled in this case. Accordingly, Respondent has failed to show that she is entitled to summary judgment in this matter.

In addition, although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted). In the present case, because of the complexities involved, it appears to be simply easier and more judicially efficient to adjudicate Petitioner's claims on the merits "than to untangle the complexities of the timeliness issue." *See Jones v. Bowersox,* 28 Fed. Appx. 610, 611 (8th Cir. 2002). Accordingly, the Court believes that the ends of justice would be better served by ordering an answer that addresses the merits of Petitioner's claims.

The Court will therefore deny the motion for summary judgment and order the respondent to file an answer that responds to the merits of Petitioner's habeas claims within thirty days of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order respondent to provide this Court with the Rule 5 materials at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at

654.

## ORDER

Accordingly, the Court **ORDERS** that the motion for summary judgment [Dkt. # 17] is **DENIED.**

The Court further **ORDERS** Respondent to submit an answer addressing the merits of Petitioner's habeas claims within **THIRTY DAYS** of the date of this order. Respondent is further ordered to file the entire state record with the Court at the time that it files its answer.

<u>S/Victoria A. Roberts</u>
**Victoria A. Roberts**
**United States District Judge**

**Dated:  July 31, 2007**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on July 31, 2007.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**