**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROGER ALLEN DOWDY,

        Petitioner,

v.                            CASE NO. 06-CV-10735
                            HONORABLE VICTORIA A. ROBERTS
                            UNITED STATES DISTRICT JUDGE

JERI-ANN SHERRY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS TO REMAND, DENYING AS MOOT THE MOTIONS FOR WAIVER OF COSTS AND FEES, DENYING WITHOUT PREJUDICE THE MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR AN EVIDENTIARY HEARING, AND GRANTING PETITIONER'S MOTIONS TO AMEND THE PETITION**

      Roger Allen Dowdy, ("Petitioner"), has filed a number of motions in support of his petition for writ of habeas corpus that he has filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, petitioner's motions are granted in part and denied in part.

**I. The motions to remand.[Court Dkt. ## 37, 50].**

      Petitioner has filed two motions to remand, which basically request the appointment of counsel and an evidentiary hearing. These motions will be denied for the reasons stated by the Court in denying Petitioner's motions for the appointment of counsel and the motions for an evidentiary hearing below.

**II. The motions for waiver of fees and costs [Court Dkt. # # 38, 49].**

Petitioner has filed two motions for the waiver of fees and costs. Petitioner, however, has already been granted *in forma pauperis* status in this case. Petitioner's current motions for waiver of fees and costs will therefore be denied as moot. *See e.g. McMillan v. McKune,* 16 Fed.Appx. 896, 897 (10th Cir. 2001).

**III. The motions for the appointment of counsel. [Court Dkt. ## 41, 51].**

Petitioner has also filed two motions for the appointment of counsel.

The Court will deny the motions for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in

a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed numerous pleadings on his behalf in this case. Petitioner has cited to numerous federal and state cases in his petition. Petitioner has also attached numerous exhibits to his petition. Petitioner therefore has the means and ability to present his claims to the court.

Accordingly, the Court **DENIES** the motions for appointment of counsel without prejudice. The Court will reconsider the motion if, following review of the pleadings and Rule 5 materials, the court determines that appointment of counsel is necessary.

**IV. The motion for an evidentiary hearing [Court Dkt. # 39].**

Petitioner has also filed a motion for an evidentiary hearing.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999)(Gadola, J.). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F. 2d

845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet reviewed the pleadings and the Rule 5 materials. Without reviewing these materials, the Court is unable to determine whether an evidentiary hearing on Petitioner's claims is needed. Following review of the pleadings and the Rule 5 materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Petitioner's claims. Accordingly, the Court denies the motion for an evidentiary hearing without prejudice.

**V. The motions to amend the habeas petition. [Court Dkt. ## 42, 43, 48].**

Petitioner has also brought three motions to amend the habeas petition, which are essentially identical.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-42 (6th Cir. 1998).

The Court will permit Petitioner to amend his habeas petition by filing the additional materials contained in his motions to amend. Petitioner's proposed amended

4

habeas petition alleges additional support for the claims that he raised in his original petition, was not the subject of undue delay, and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F. 3d 86, 92 (3rd Cir. 1995). Additionally, because Petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion sto amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, the Court will permit Petitioner to file an amended petition.

## **ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that the motions to remand [Court Dkt. ## 37, 50], the motions for waiver of fees and costs [Court Dkt. ## 38, 49], the motions for appointment of counsel [Court Dkt. ## 41, 51], and the motion for an evidentiary hearing [Court Dkt. # 39] are **DENIED.**

**IT IS FURTHER ORDERED** that the motions to amend the habeas petition [Court Dkt. ## 42, 43, and 48] are **GRANTED.**

S/Victoria A. Roberts
**Victoria A. Roberts**
**United States District Judge**

**Dated: July 23, 2008**

**The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on July 23, 2008.**

**s/Carol A. Pinegar**
**Deputy Clerk**