**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROGER ALLEN DOWDY,

                Petitioner,

                                CASE NO. 06-CV-10735
v.                              HONORABLE VICTORIA A. ROBERTS
                              UNITED STATES DISTRICT JUDGE
JERI-ANN SHERRY,

                Respondent.
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

      Roger Allen Dowdy, ("Petitioner"), presently confined at the Ojibway

Correctional Facility in Marenisco, Michigan, seeks the issuance of a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his

conviction for first-degree home invasion, M.C.L.A. 750.110a(2); assault with intent to

commit criminal sexual conduct involving penetration, M.C.L.A 750.520g(1); felonious

assault, M.C.L.A. 750.82; assault and battery, M.C.L.A. 750.81; and being a fourth felony

habitual offender, M.C.L.A. 769.12.  For the reasons stated below, the application for writ

of habeas corpus is **DENIED.**

### I.  Background

      Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

Petitioner provided a detailed statement of facts in his petition for writ of habeas corpus

and the various documents that he attached to his petition. Respondent has likewise

provided a detailed factual summary of the case, which does not essentially conflict with

the Petitioner's statement of facts. The Court, therefore, accepts the factual allegations

contained within the habeas petition insofar as they are consistent with the record; the

respondent has not disputed them. *See Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D.

Mich. 2002).

Because the facts have been repeated numerous times, they are not repeated here in

their entirety. This Court will merely recite verbatim the relevant facts regarding

Petitioner's conviction from the Michigan Court of Appeals' opinion affirming his

conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F.

Supp. 2d 753, 758 (E.D. Mich. 2001):

> At trial, defendant presented a defense of misidentification. However, Both
> [Elsa] Carrillo and [Ursula] Bernez [the two victims in this case] positively
> identified defendant as the perpetrator. Further, evidence was presented that
> the intruder jumped the fence between defendant and Ferguson-Dowdy's
> homes after the assault, and nobody was seen leaving Ferguson-Dowdy's yard
> after the incident. Indeed, defendant was ultimately apprehended in that yard
> shortly after the incident. In addition, several witnesses testified that, at about
> the time the intruder was jumping out Bernez' bedroom window,
> Ferguson-Dowdy's dog was barking, but it stopped barking right after the
> intruder jumped the fence.
>
> *People v. Dowdy,* No. 212119, * 2 (Mich.Ct.App. February 6, 2001).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 465 Mich. 861; 632 N.W.

2d 141 (2001).

Petitioner filed a post-conviction motion for relief from judgment with the trial

court pursuant to M.C.R. 6.500, *et. seq.* While his motion for relief from judgment was pending, Petitioner filed a habeas petition with the United States District Court for the Eastern District of Michigan, which was dismissed without prejudice, because Petitioner's motion for relief from judgment remained pending in the state trial court. *See Dowdy v. Smith,* No. 2002 WL 31008257 (E.D. Mich. August 12, 2002)(Cohn, J.). Petitioner's motion for relief from judgment was denied by the trial court. *People v. Dowdy,* 97-7435 (Third Circuit Court, Criminal Division, April 23, 2004). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Dowdy,* No. 2555527 (Mich.Ct. App. December 16, 2004); *lv. den.* 474 Mich. 895; 705 N.W. 2d 119 (2005).

Petitioner subsequently re-filed his petition for writ of habeas corpus. On July 31, 2007, the Court denied respondent's motion for summary judgment on statute of limitations grounds and ordered respondent to file an answer which addressed the merits of Petitioner's claims within thirty days of the Court's order. *Dowdy v. Sherry,* No. 2007 WL 2221400 (E.D. Mich. July 31, 2007). On November 14, 2007, this Court again ordered respondent to file an answer to the petition and the Rule 5 materials. On December 14, 2007, respondent filed an answer to the petition for writ of habeas corpus. The Rule 5 materials were filed on July 22, 2008.

Petitioner now seeks a writ of habeas corpus on the following grounds:

"I. Petitioner's 14th Amendment constitutional right to due process of law was violated to place on the record issues that would have produced a reversal for new trial."

"II. Petitioner now states that the trial court's rejection of this Petitioner's

3

claim of sleeping jurors and of improper exposure of the jury to a discussion of the Petitioner's prior conduct, based on the judge's own personal knowledge, and the accompanying denial of an evidentiary hearing on the matter had denied this Petitioner his right of due process."

"III. This Petitioner was denied the right to the effective assistance of his trial counsel as is guaranteed by the Sixth Amendment right to having a fair trial that had denied the due process of law."

"IV. This Petitioner's convictions were against the great weight of the evidence, where the identification of the Petitioner as the perpetrator was made in the dark, where the intruder wore a ski mask, where the descriptions given to the police didn't even match the features of this Petitioner, and where a search of the Petitioner's premises did not produce any of the evidence of the crime."

"V. Defendant's sentence of twelve to twenty-five years in prison is disproportionate."

"VI. Petitioner was denied the right to both the trial and appellant counsel's that had denied this Petitioner a fair trial and of his appeal too."

On July 23, 2008, this Court granted Petitioner's motion to amend the petition for writ

of habeas corpus to add these four additional claims:

Amended Issue I. "That this Petitioner was truly denied his due process of law rights where the Assistant Wayne County Prosecutor David McLorey had failed to now file in a timely manner a felony/supplemental information felony for the purpose of sentencing enhancement pursuant to MCL 769.13 & MSA 28.1085 statutes in violation of this Petitioner's Fifth, Sixth, and the Fourteenth Amendment Constitutional Rights of Due Process of Law."

Amended Issue II. "This Petitioner was denied his effective assistance of his trial counsel Clarence Bradfield specifically where counsel had totally failed to properly investigate or to object to a null & void felony/supplemental information filing that had been used against this Petitioner, where the felony/supplemental information was not filed in a timely manner for the purposes of sentencing enhancement, now in violation of this Petitioner's Fifth, Sixth, and the Fourteenth Amendment Constitutional Rights of Due Process of Law."

4

Amended Issue III. "That this Petitioner was actually now denied his effective assistance of appellate counsel, Alfred Millstein, where this appellate counsel failed to properly raise and to properly preserve the issue of a null & void felony/supplemental information filing that had been used against this Petitioner, whereas that information was never properly filed in a timely manner for the purposes of sentencing enhancement, now violating this Petitioner's Fifth, Sixth, and the Fourteenth Amendment Constitutional Rights of Due Process of Law."

Amended Issue IV. [Paraphrased]. Petitioner is entitled to credits against his sentencing.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A

5

federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A.  The Court will deny Petitioner's motion for summary judgment.**

Petitioner filed a motion for immediate consideration and motion for summary judgment [Dkt. # 57], in which he essentially asks for summary judgment because the respondent failed to serve a copy of the Rule 5 materials upon Petitioner when she filed materials with the Court.

To the extent that Petitioner asks this Court to grant him a default judgment because of the respondent's failure to send Petitioner a copy of the Rule 5 materials, this Court is without power to do so.  A default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the habeas petition. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).  The failure of the State of Michigan to file a timely response does not relieve a habeas petitioner of his or her burden to prove that custody is in violation of United States law. *Allen v. Perini,* 424 F. 2d at 138; *Gray v. Reilly,* 208 F. 3d 213; 2000 WL 302983, * 2 (6th Cir. March 14, 2000).

To the extent that Petitioner asks this Court to provide him with a copy of the Rule 5 materials, the request is denied.  Habeas petitioners have no right to automatic

6

discovery. *Stanford v. Parker*, 266 F.3d 442, 460 (6ᵗʰ Cir. 2001). A district court has the

discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, to

grant discovery to a petitioner in a habeas case upon a fact specific showing of good

cause. *Id.* If a petitioner can point to specific evidence that might be discovered that

would support his constitutional claims, he is able to establish good cause to obtain

discovery. *Burns v. Lafler,* 328 F. Supp. 2d 711, 718 (E.D. Mich. 2004). However,

without a showing of good cause and without a habeas petitioner citing to specific

information of what he hopes to learn from the additional discovery, a federal court will

not order discovery. *Id.* A habeas petitioner's vague and conclusory allegations are

insufficient to obtain additional discovery. *Id.*

Further, a district court does not abuse its discretion in denying a habeas

petitioner's request for discovery, where the request falls more in the category of a

"fishing expedition masquerading as discovery." *Stanford,* 266 F. 3d at 460.

Petitioner attached to his petition, the appeals brief that was filed on his behalf in

the Michigan Court of Appeals by appellate counsel. This brief contains a statement of

facts which is fourteen pages long, as well as nineteen pages of arguments which raise

five of the claims for which Petitioner seeks habeas relief. The appellate brief makes

numerous citations to the transcripts and Petitioner does not allege that his appellate

counsel did not have access to the trial transcripts when preparing his appeal. Because

Petitioner's appellate counsel had access to the trial transcripts in Petitioner's appeal of

right, Petitioner is not entitled to the production of the trial transcripts to assist him with

his habeas petition. *See Smith v. United States,* 421 F.2d 1300, 1301 (6th Cir. 1970).

Petitioner is also not entitled to copies of the transcripts provided to him, because

Petitioner is essentially requesting to "embark on a fishing expedition masked as

discovery." *Burns,* 328 F. Supp. 2d at 718. Accordingly, any such motion for discovery

is denied.

**B. Claims ## 1, 2, 3, and 6 and Amended Claims # 2 and # 3. The ineffective**

**assistance of counsel claims.**

The Court consolidates Petitioner's first, second, third, sixth and amended second

and third claims for judicial economy.

In his first and second claims, Petitioner alleges that he was deprived of due

process and a meaningful appeal when the Michigan courts denied his motion for the

trial court to conduct an evidentiary hearing on his ineffective assistance of counsel

claims pursuant to *People v. Ginther*, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973) and

M.C.R. 7.211(C)(1). In his third claim and in his second amended claim, Petitioner

contends that he was denied the effective assistance of trial counsel. In his sixth claim

and his third amended claim, Petitioner alleges denial of effective assistance of appellate

counsel.

Taking Petitioner's first and second claims first, the Court does not have the

power to grant habeas relief on petitioner's claim that the Michigan courts improperly

denied his motion for an evidentiary hearing pursuant to M.C.R. 7.211. There is no

federal constitutional right to appeal a state court conviction. *Cleaver v. Bordenkircher*,

634 F. 2d 1010, 1011 (6th Cir. 1980). A habeas petitioner alleging the denial of a right to appeal a state criminal conviction is not entitled to federal habeas relief. *Tate v. Livesay*, 612 F. Supp. 412, 413 (M.D. Tenn. 1984). In addition, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Whether the Michigan courts erred in their application of M.C.R. 7.211 in denying Petitioner's motion for an evidentiary hearing on his ineffective assistance of counsel claim is a question of state law that cannot be reviewed in a federal habeas petition. *See Hayes v. Prelesnik,* 193 Fed. Appx. 577, 584 (6th Cir. 2006). Moreover, there is no clearly established Supreme Court law which recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel on appeal. *Id.* Accordingly, Petitioner would not be entitled to habeas relief on his first and second claims.

Moreover, even if there is a due process component to Petitioner's first two claims involving the denial of his motion for an evidentiary hearing, deprivation of this sort cannot support a writ of habeas corpus, but might support a request for an evidentiary hearing to develop a record on petitioner's ineffective assistance of counsel claims. *See May v. Renico,* No. 2002 WL 31748845, * 5 (E.D. Mich. November 12, 2002). Therefore, the initial question, is whether Petitioner is entitled to an evidentiary hearing in federal court on his ineffective assistance of counsel claims.

28 U.S.C.§ 2254 (e)(2) states that if an applicant for a writ of habeas corpus failed

to develop the factual basis of a claim in State court proceedings, the court shall not hold

an evidentiary hearing on the claim unless the applicant shows that:

> (A) the claim relies on:
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

To obtain an evidentiary hearing on an ineffective assistance of counsel claim, a

habeas petitioner must establish that:

> 1. his allegations, if proven, would constitute a colorable claim entitling him to relief; and;
> 2. the state court trier of fact has not, after a full and fair hearing, reliably found relevant facts.

*Correll v. Stewart*, 137 F. 3d 1404, 1411 (9th Cir. 1998).

Entitlement to an evidentiary hearing based on a claim of ineffective assistance of

counsel requires a showing by the petitioner that if his allegations were proven at the

evidentiary hearing, deficient performance and prejudice on the part of counsel would be

established. *Turner v. Calderon,* 281 F. 3d 851, 890 (9th Cir. 2002).  A habeas petitioner

is not entitled to an evidentiary hearing on his claims of ineffective assistance of counsel

where the petitioner fails to allege specific facts which, if true, would entitle him to relief

on his claims. *See Barber v. Birkett,* 276 F. Supp. 2d 700, 706 (E.D. Mich. 2003).  As

discussed when addressing Petitioner's ineffective assistance of counsel claims below,

Petitioner is unable to establish that his allegations of ineffective assistance of counsel,

even if true, would entitle him to habeas relief. Thus, to the extent that Petitioner's first two claims are understood to be a request for an evidentiary hearing on his ineffective assistance of counsel claims, the facts which Petitioner seeks to develop in an evidentiary hearing would not support habeas relief. Petitioner is, therefore, not entitled to an evidentiary hearing on his ineffective assistance of counsel claims. *Hayes,* 193 Fed. Appx. at 585.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

The Michigan Court of Appeals never addressed the merits of Petitioner's ineffective assistance of trial counsel claims when it affirmed his conviction on direct appeal. It chose instead to hold that the trial court did not err in denying Petitioner's motion for a *Ginther* hearing. *Dowdy,* Slip. Op. at * 1-2.

When a state court has not articulated its reasoning when denying a constitutional claim, a federal habeas court is obligated to conduct an independent review of the record

and applicable law and determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. However, that independent review is not a full *de novo* review of the claims, but remains deferential; a habeas court cannot grant relief unless the state court decision is not in keeping with the AEDPA's strictures. *Harris v. Stovall*, 212 F. 3d 940, 943 (6th Cir. 2000); *See also Vliet v. Renico,* 193 F. Supp. 2d 1010, 1016 (E.D. Mich. 2002). Thus, where a state court decides a constitutional issue by form order or without an extended discussion, as was the case here, a habeas court should focus on the result of the state court's decision, applying the aforementioned standard. *Harris,* 212 F. 3d at 943, n. 1.

Petitioner first contends that his trial counsel was ineffective for failing to impeach the victim and her daughter on their description to the police of the perpetrator: blond hair and green eyes. This was inconsistent with Petitioner's actual appearance: brown hair and blue eyes.

"Courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *Dell v. Straub,* 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002). "Impeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Id.*

Trial counsel elicited an admission from Elsa Carillo that she had told the police that the perpetrator had "greenish" eyes. (Tr. 3/12/1998, p. 181). Carillo had not actually

seen her perpetrator's hair color, so there was no testimony to impeach on this issue. (*Id. at* pp. 154, 180).  Because trial counsel obtained an admission from Carillo that she had previously told the police that the perpetrator had green eyes, this portion of Petitioner's claim is without merit.

With respect to the victim's daughter, Ursula Bernez, Ms. Bernez testified that the perpetrator had blondish brown hair. (Tr. 3/13/1998, pp. 11-12).  Counsel's decision not to challenge Bernez over this minor inconsistency in hair color was not ineffective assistance of counsel. *See Campbell v. United States,* 364 F. 3d 727, 735 (6th Cir. 2004).

Moreover, Petitioner's counsel challenged Petitioner being the perpetrator in this case in other ways.  Counsel brought out the fact that the police never found a ski mask, never recovered any tools from Petitioner that were similar to the one placed into evidence, nor any dark blue work pants that the perpetrator was wearing.  Counsel elicited testimony from the victim and her daughter that Petitioner looked different when he was taken into custody by the police only a short time later.  Counsel emphasized that the police failed to look for fingerprints on the pry bar taken into evidence.

Additionally, the evidence against Petitioner in this case was fairly strong.  Both the victim and her daughter knew Petitioner from the neighborhood and positively identified him to the police at the time of the incident.  Neither woman ever wavered in identification of Petitioner.  Moreover, the pry bar recovered from the crime scene had Petitioner's first name on it.

There was also evidence that the perpetrator intruder jumped the fence between

the victim and the Ferguson-Dowdy's homes after the assault, and nobody was seen leaving Ferguson-Dowdy's yard afterwards. Petitioner was arrested in that yard shortly after the incident. Finally, several witnesses testified that, at about the time the intruder was jumping out of Bernez' bedroom window, Ferguson-Dowdy's dog was barking, but it stopped barking right after the intruder jumped the fence. This last fact would suggest that Petitioner was the perpetrator, because testimony at trial indicated that the dog normally barked only at strangers.

Counsel's failure to impeach the victim and her daughter with any prior inconsistencies in their description of the perpetrator did not prejudice Petitioner, in light of the fact that a variety of other evidence which impeached their credibility was admitted at trial, coupled with the fact that there was other evidence which incriminated Petitioner. *See Wolfe v. Bock,* 412 F. Supp. 2d 657, 677 (E.D. Mich. 2006).

Petitioner next contends that counsel was ineffective for failing to bring to the trial court's attention the fact that several jurors slept during part of the proceedings.

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1); *See also Campbell v. Grayson,* 207 F. Supp. 2d 589, 593 (E.D. Mich. 2002). A state trial court's factual determination that jurors did not sleep during a habeas petitioner's trial is presumed correct absent clear and convincing evidence to the contrary. *See Mason v. Mitchell*, 320 F. 3d 604, 637 (6th Cir.

14

2003).

The trial court judge, in denying Petitioner's motion for a *Ginther* hearing, indicated that she did not recall any jurors sleeping during the trial. (Tr. 11/18/1998, p. 15). Petitioner failed to offer clear and convincing evidence to rebut the trial court judge's factual determination that none of the jurors slept through Petitioner's trial. This Court must, therefore, defer to the trial court judge's factual determination. Because Petitioner failed to show that any jurors slept through his trial, Petitioner is unable to establish that counsel was ineffective for failing to object to jurors sleeping during his trial. *See United States v. Terfa,* 12 Fed. Appx. 308, 310 (6th Cir. 2001).

As a related claim, Petitioner says that his counsel was ineffective for failing to move for a mistrial after a juror remained in the courtroom while the judge, the prosecutor, and defense counsel discussed whether Petitioner's prior convictions, including two prior sexual assault convictions, should be admitted at trial. The trial judge rejected this claim, stating "unequivocally" that there was never any time during which the judge and counsel discussed Petitioner's prior convictions, that any jurors were inside the courtroom. She said this "simply did not happen." The trial judge also noted that a review of the trial transcript showed that none of the jurors was present when the matter was discussed. (*Id.* at pp. 15-16). A review of the trial transcript shows the jurors left the courtroom prior to when the parties addressed the issue of the admissibility of Petitioner's prior convictions and only returned after the discussions were complete. (Tr. 3/13/1998, pp. 166-68).

15

The trial court judge's factual determination, that none of the jurors was exposed to extraneous information, is presumed correct, absent clear and convincing evidence to the contrary. *See e.g. McCoy v. Roberts,* 559 F. Supp. 2d 1326, 1334 (S.D. Ga. 2008). Petitioner failed to show that any jurors were present when the issue of his prior convictions was discussed. Counsel's failure to make a frivolous motion for mistrial does not amount to ineffective assistance of counsel. *See Rockwell v. Palmer,* 559 F. Supp. 2d 817, 834 (W.D. Mich. 2008).

Petitioner next claims that counsel was ineffective for failing to call two long time fellow employees of Petitioner to testify that Petitioner never put his name on any of his tools. However, Petitioner's stepson, Kenneth Ferguson, testified that he was familiar with Petitioner's tools and never knew him to place his name on any of his tools. The alleged ineffectiveness of counsel for failing to call additional witnesses to testify about this same issue, was not prejudicial to Petitioner, where this testimony would have been cumulative to the testimony of the witness who did testify and would have had less than a marginal effect required to establish reasonable doubt as to Petitioner's guilt. *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 607 (E.D. Mich. 2001)(*citing Ashker v. Class*, 152 F.3d 863, 874 (8th Cir. 1998)).

Petitioner next claims that his counsel was ineffective for failing to present evidence that there was a serial burglar with an appearance similar to Petitioner's operating in the neighborhood at the time of the crime.

Petitioner offered no evidence to establish that another person broke into the

victim's house and assaulted her. Moreover, Petitioner was not denied the effective assistance of counsel as a result of counsel's failure to investigate and argue the culpability of other suspects, in light of the substantial evidence of Petitioner's guilt in this case, as described above. *See Dell,* 194 F. Supp. 2d at 650. Petitioner is not entitled to habeas relief on this claim.

In his amended second and third claims, Petitioner argues that his trial counsel was ineffective for failing to object to the fourth felony habitual offender charges, because the prosecutor failed to file the supplemental information which charged petitioner with being a fourth felony habitual offender within twenty one days of his arraignment, as required by M.C.L.A. 769.13. Petitioner further argues that his appellate counsel was ineffective for failing to raise this claim on appeal.

A review of the lower court record shows that Petitioner was initially charged with being a fourth felony habitual offender at the time of his arraignment on the warrant on the underlying charges on September 11, 1997.[1] This would have been prior to both the preliminary examination and the circuit court arraignment.

Conclusory allegations in a habeas petition, without evidentiary support, do not provide a basis for habeas relief. *Payne v. Smith,* 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002); *See also Collier v. United States,* 92 F. Supp. 2d 99, 106 (N.D.N.Y.

---

[1] *See* Register of Actions, Wayne County Circuit Court, Case Np. 97-007435-01-FH [This Court's Dkt. # 56-2]. In a habeas proceeding, a federal district court is permitted to take judicial notice of the records in the case which resulted in the petitioner's underlying conviction. *See Camper v. Benov,* 966 F. Supp. 951, 953, fn. 2 (C.D. Cal. 1997). Moreover, in the absence of reliable evidence to the contrary, a federal district court should presume the accuracy of a court clerk's docket entries. *Arnold v. Wood,* 238 F. 3d 992, 995 (8th Cir. 2001).

2000)(rejecting claim that counsel was ineffective for failing to investigate the defendant's prior convictions in order to challenge defendant's sentence as a career offender, absent any evidence, other than the defendant's conclusory statements, that his prior convictions should have been given youthful offender status). The burden is on Petitioner to prove the invalidity or unconstitutionality of any prior convictions which were used to charge him with being an habitual offender. *See Hobson v. Robinson,* 27 Fed. Appx. 443, 445 (6th Cir. 2001)(citing *Parke v. Raley,* 506 U.S. 20, 28-34 (1992)). In light of the fact that the trial court record establishes that Petitioner received timely notice of the prosecutor's intent to seek sentencing enhancement under the habitual offender law, counsel was not ineffective in failing to challenge the habitual offender charges, either at trial or on appeal. *See e.g. Cummings v. United States,* 84 Fed. Appx. 603, 605 (6th Cir. 2003).

In his sixth claim, Petitioner alleges the ineffective assistance of appellate counsel.

Petitioner first claims that appellate counsel was ineffective for failing to assist Petitioner in preparing a *pro se* Rule 11 supplemental brief on Petitioner's behalf to raise additional claims that Petitioner wished to have raised on appeal.

A criminal defendant has no federal constitutional right to self-representation on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of California,* 528 U.S. 152, 163 (2000). This is because the rights protected by the Sixth Amendment, including the right to self-representation, are rights that are available to prepare for trial

and at the trial itself. However, the Sixth Amendment does not include any right to appeal. *Id.* at 160. The Supreme Court also rejected the idea that the right to self-representation on appeal could be grounded in the Due Process Clause [of the Fourteenth Amendment], because "[U]nder the practices that prevail in the Nation today, however, we are entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self- representation is a necessary component of a fair appellate proceeding". *Martinez,* 528 U.S. at 161.

There is no constitutional entitlement to submit a *pro se* appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by appellate counsel. *See McMeans v. Brigano,* 228 F. 3d 674, 684 (6th Cir. 2000). By accepting the assistance of counsel, the criminal appellant waives his right to present *pro se* briefs on direct appeal. *Myers v. Johnson*, 76 F. 3d 1330, 1335 (5th Cir. 1996); *See also Henderson v. Collins,* 101 F. Supp. 2d 866, 881 (S.D. Ohio 1999); *aff'd in part, vacated in part on other grds* 262 F. 3d 615 (6th Cir. 2001)(defendant who was represented by counsel and also sought to submit *pro se* brief upon appeal did not have right to such hybrid representation). Thus, any failure by appellate counsel to submit any *pro se* briefs on behalf of Petitioner does not present a constitutional question.

In his sixth claim, Petitioner also claims that his appellate counsel was ineffective for failing to raise a claim that his trial counsel was ineffective for failing to request that the court read CJI 2d 7.8 (4), when instructing the jury on the factors that they should consider when determining the accuracy of the witnesses' identification of Petitioner.

"Under Michigan law, CJI2d 7.8(4) is a specific instruction that is only given when the consistency of witness identification is at issue." *Oden v. Warren*, No. 2008 WL 2067014, * 2 (E.D. May 15, 2008)(*quoting Seck v. McKee*, No. 2006 WL 2528456, at *11 (W.D.Mich. July 17, 2006). "When a witness has offered a consistent identification throughout the criminal process, CJI2d7.8(4) is neither permitted nor necessary." *Id.*

There is no indication that Carrillo or her daughter ever identified another person as their assailant and they were consistent in their identification of Petitioner, other than for a few minor details. Petitioner would have not been entitled to this instruction under Michigan law. *Oden,* Slip. Op. at * 3. Accordingly, appellate counsel was not ineffective for failing to claim that trial counsel was ineffective, for failing to request this instruction.

In conclusion, the Michigan Court of Appeals' rejection of Petitioner's ineffective assistance of counsel claims was not an unreasonable application of *Strickland,* so as to entitle him to habeas relief. *See Siebert v. Jackson*, 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on these claims.

## C.  Claim # 4.   The great weight of the evidence claim.

Petitioner next claims that the jury's verdict went against the great weight of the evidence.

A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren,* 305 F.

Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell,* 194 F. Supp. 2d at 648. A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised. *Cukaj,* 305 F. Supp. 2d at 796; *See also Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003). The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was evidence to support it. *Dell,* 194 F. Supp. 2d at 648. As long as there is sufficient evidence to convict petitioner of these crimes, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. *Id.*

To the extent that Petitioner challenges the jury's credibility determination, he would likewise not be entitled to habeas relief. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002)(internal citation omitted). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). Petitioner is, therefore, not entitled to habeas relief on his fourth claim.

**D. Claims # 5 and Amended Claims # 1 and # 4. The sentencing claims.**

Petitioner lastly challenges his sentence on numerous grounds.

In his fifth claim, Petitioner claims his sentence of twelve to twenty five years in prison is disproportionate to the offense and to the offender.

21

Petitioner's sentence of twelve to twenty five years was within the statutory limits for first-degree home invasion, assault with intent to commit criminal sexual conduct involving penetration, felonious assault, assault and battery, and being a fourth felony habitual offender.

A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 645 (E.D. Mich. 2001). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet,* 193 F. Supp. 2d at 1014.

Moreover, the U.S. Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin,* 501 U.S. at 1001.

Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal

22

courts will, therefore, not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas,* 49 F. 3d 253, 261 (6th Cir. 1995); *Vliet,* 193 F. Supp. 2d at 1015. Petitioner is not entitled to habeas relief on his fifth claim.

Petitioner's amended first claim that he received inadequate notice of the habitual offender charge under Michigan law does not state a claim that is cognizable in federal habeas review. *Tolbert v. LeCureaux,* 811 F. Supp. 1237, 1240-1241 (E.D. Mich. 1993). Due process does not require advance notice that a trial on a substantive criminal charge will be followed by an habitual offender charge. Due process only requires that a defendant be given a reasonable notice and opportunity to be heard relative to the habitual offender charge. *Oyler v. Boles,* 368 U.S. 448, 452 (1962). Petitioner did not dispute, either at his sentencing, or more importantly, in his habeas petition, that he had prior convictions that would make him eligible to be sentenced as an habitual offender, nor did he object or seek a continuance based on the absence of advance notice of the sentence enhancement. Therefore, Petitioner cannot complain that he was denied due process. *Oyler,* 368 U.S. at 453-454; *Washington v. Cowan,* 25 Fed. Appx. 425, 426 (7th Cir. 2001).

In his amended fourth claim, Petitioner claims that he is entitled to habeas relief because of the state trial court's refusal to award him sentencing credits.

Violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle*, 502

U.S. at 67-68. A prisoner has no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001)(*citing Hansard v. Barrett,* 980 F. 2d 1059, 1062 (6th Cir.1992)). Because Petitioner's claim challenges the interpretation and application of state crediting statutes, the claim is noncognizable on federal habeas review. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003).

## IV. Conclusion

The Court denies the Petition for Writ of Habeas Corpus. The Court also denies a Certificate of Appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court thus has the power to deny a certificate of appealability *sua sponte. Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court denies a Certificate of Appealability because Petitioner failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable, or that he should receive encouragement to proceed further. *Siebert,* 205 F. Supp. 2d at 735.

Although this Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claim, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.   ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 10, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Roger Allen Dowdy  by electronic means or U.S. Mail on December 10, 2008.

s/Carol A. Pinegar
Deputy Clerk